ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 05 DEC -2 AM 10: 10

STATESBORO DIVISION

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ALBERT L. JEFFCOAT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 605-111 |
| | ) | |
| JUDGE JOHN TURNER, RICHARD | ) | |
| MALLARD, District Attorney; KEITH | ) | |
| MCINTYRE, Assistant District Attorney; | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, brought the captioned matter pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. Petitioner seeks to challenge his pre-trial detention in Screven County Jail. Pet., p. 1. According to Petitioner, he faces charges of *inter alia*, rape, kidnaping, and sodomy in the Superior Court of Effingham County, Georgia. Id. at 10. Petitioner maintains that Respondents violated his constitutional rights when they revoked his pre-trial bond. Id. at 5-6. For the reasons below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED** without prejudice and that Petitioner's motion "request[ing] disposition" of his petition (doc. no. 2, p. 1) be **DENIED** as **MOOT**.

First, it should be noted that because Petitioner is being detained pending his state trial, rather than pursuant to a judgment of conviction, his petition is properly brought pursuant to 28 U.S.C. § 2241, rather than § 2254. See Braden v. 30th Judicial Circuit Court

of Kentucky, 410 U.S. 484, 503 (1973)(Rehnquist, J., dissenting)("§ 2254 pertains only to a prisoner in custody pursuant to a judgment of conviction of a state court."); Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-62 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).  The proper course of action in assessing a pretrial habeas petition improperly brought under § 2254 is to consider the petition as if brought pursuant to § 2241.  Hughes, 377 F.3d at 1262.

Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement.  Id.  Thus, at issue here is whether Petitioner has sufficiently exhausted state court remedies so as to pursue relief in federal court.  In Georgia, the appropriate remedy for improper pretrial detention is a writ of habeas corpus.  See Tabor v. State, 279 Ga. 98, 99, 610 S.E.2d 59, 60 (2005); Rainwater v. Langley, 277 Ga. 127, 128, 587 S.E.2d 18, 19-20 (2003); Dunn v. Edwards, 275 Ga. 458, 458, 569 S.E.2d 525, 526-27 (2002); Banks v. Waldrop, 272 Ga. 475, 531 S.E.2d 708 (2000); Hood v. Carsten, 267 Ga. 579, 580, 582-83 S.E.2d 525, 528-29 (1997); Salter v. Greene, 226 Ga. App. 384, 384-86, 486 S.E.2d 650, 650-52 (1997).  Petitioner does not allege that he has sought habeas relief in the Georgia state courts; nor does he indicate that he has sought appellate relief of any kind.  See generally Pet.

The exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(§ 2254 case).  The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims.

2

Castille v. Peoples, 489 U.S. 346, 351 (1989).  In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[1]  O'Sullivan, 526 U.S. at 845.

Petitioner has clearly failed to satisfy the exhaustion requirement.  Petitioner has neither pursued state habeas relief nor pursued any state appellate remedy.  Thus, the instant petition must be dismissed so that Petitioner may exhaust available state remedies.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED** without prejudice and that Petitioner's motion "request[ing] disposition" of his petition (doc. no. 2, p. 1) be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this _2nd_ day of _December_, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1]This "one full opportunity" includes pursuing discretionary review with the highest available appellate court.  Id.

3